## Case No. 12,988.

### In re SMITH.

[14 N. B. R. 432.] [1]

District Court, N. D. New York. Aug. 19, 1876.

BANKRUPTCY—EXAMINATION OF ASSIGNEE—ORDER OF REGISTER.

1. An assignee may be subpœnaed and required to testify in the same manner as any other witness, and the register has authority to make the requisite order.

2. An assignee is not subject, as of course, to an examination by any creditor whenever the latter may desire it; but will be protected against unnecessary annoyance, by refusing an application for his examination unless upon some issues regularly referred to the register.

[In the matter of Elmer C. Smith, a bankrupt.]

De L. Crittenden, for creditors opposing discharge.

Quincy Van Voorhis, for bankrupt.

---

## Case No. 12,989.

### In re SMITH.

[15 N. B. R. 97; [2] 1 Tex. Law J. 42.]

District Court. W. D. Texas. May 30, 1876.

BANKRUPTCY—REOPENING DIVIDEND—ERROR.

1. A register has no power to vacate or reopen a dividend for the purpose of paying a claim which was not proved and filed or presented prior to the dividend meeting.

2. A register has no power to vacate or reopen a dividend for the purpose of paying a claim for services rendered to the assignee which was not presented at the dividend meeting.

3. A dividend duly made and filed in court cannot be disturbed except for some error committed by the register apparent from his memoranda and papers on file existing at the time of or prior to the making of the dividend.

---

[1] [Reprinted by permission.]

[2] [Reprinted from 15 N. B. R. 97, by permission.]

On the 6th day of March, 1876, Robertson's & Herndon filed a petition addressed to the register, representing that on the 4th day of November, 1872, they were employed by the bankrupt, B. K. Smith, to institute suit in the United States circuit court, in chancery, at Tyler, against J. M. H. Parsons, agent, etc., to recover damages for the wrongful use of a patent right, owned by said Smith, to the Rhodern M. Brooks cotton press, and to secure a perpetual injunction against said defendant, for further infringement of said patent. That they did commence said suit in said court, and at the first term of said court obtained a judgment against said defendant for eight thousand dollars and an injunction. That afterwards said decree was set aside, and a new trial awarded. That subsequently said Smith was adjudicated a bankrupt, and his assignee duly made a party to said proceedings by an appropriate order of the United States district court; that said assignee assumed the fee contracted by said Smith with the petitioners, and directed the petitioners to proceed with the cause, which they did, and retook the testimony in said cause, and tried the same at the November term, 1875, and the same is submitted to the court, and is now held under advisement by the said court. That the fee agreed upon with said Smith was the sum of two hundred and twenty-five dollars, dated November 4, 1872, due May 1, 1873, with eight per cent. after maturity. That they have performed all the services in said case, and that said note and interest has been due and has been, under the order of said court, assumed by said assignee, T. R. Bonner; that the last dividend has been declared in said cause, and that the funds will soon be paid out, and if paid out there will or may be no funds out of which to pay them.

The note attached to the petition was as follows, to wit:

"$225.00. Tyler, Texas, Nov. 4, 1872. Due, May first, 1872, to Robertson's and Herndon, or bearer, at Tyler. Texas, two hundred and twenty-five currency dollars. Value received. B. K. Smith."

The petitioners prayed that the assignee might be directed to pay them the amount due on the note out of the funds for dividend. The assignee made an indorsement on the petition that he had examined it, and that the statements were true. The petition was then referred to the register, who made the following order, to wit:

By S. T. NEWTON, Register:

I have examined the statutes with reference to the question presented by the foregoing application, and can find no authority or precedent which will authorize a register of the court to order the assignee of a bankrupt estate to pay a claim of any character which had not been proven up and filed in court, or presented prior to, or on the day appointed for the declaration of the dividend,

and after the same had been declared and filed in the office of the clerk of the court. I must therefore decline to make the order prayed for in this case, without any prejudice to the equitable rights of the parties for compensation.

I do hereby certify that there are no other funds in the estate of said bankrupt, except the money on which the dividend is now declared, out of which to pay the claim of applicants, and that this is the final dividend, unless the suit now pending and undecided in the United States circuit court at Tyler, for which this fee was contracted, shall bring sufficient funds for another dividend.

The foregoing certificate is made at the instance of applicants, and at their request. My order in refusing to allow said claim is respectfully certified to the honorable judge of said court for review.

The register also sent the following certificate to the court, to wit:

I, S. T. Newton, register of said court in bankruptcy, do hereby certify that the following proceedings were had before me in said matter, and the following question arose: Has a register of the court the power to vacate, or re-open a dividend which has been duly declared in pursuance to notice of meetings called and held under the provisions of the twenty-seventh or twenty-eighth sections of the act [14 Stat. 529, 530], for the purpose of paying a claim, which was not proved up and filed, or presented prior to or on the day appointed for the dividend meeting?

This question arose upon the following state of facts: On the 2d day of January, A. D. 1876, upon the application of T. R. Bonner, assignee, a general meeting of the creditors of said bankrupts was ordered, in accordance with the provisions of the twenty-eighth section of the act, at Tyler, in said district, on the 1st day of March inst., and notice given as required by law. On the 1st inst., pursuant to said order, the meeting was held, and a dividend was declared on all claims proved and filed against said estate; and proper orders were made for paying the same, which were filed in the office of the clerk of the court. Subsequent thereto, to wit, on the 7th inst., Messrs. Robertson and Herndon, attorneys, presented and filed their application, praying an order of court requiring the said assignee to pay them the sum of two hundred and twenty-five dollars, for professional services, out of the funds in the hands of the assignee, upon the dividend which had been declared at said meeting. Their claim being for the amount of a promissory note, executed by B. K. Smith, bankrupt, in 1872, prior to commencement of proceedings against him in bankruptcy, to said attorneys for professional services in prosecuting a suit pending in the United States district court at Tyler, to which said suit the said assignee was subsequently made a party by order of the court. I refused the order as prayed for, as shown by my order indorsed on their application, and my reasons therefor.

Opinion of Register:

My order on the application brings under review by the court, to some extent, the limitation of the powers and duties conferred upon the registers of the court by the law. By section 4998, Rev. St., the register is invested with power of holding meetings under sections 5092 and 5093, and making computations of dividend and all orders of distribution. By section 5096 of the act it is required that the estate of the bankrupt shall be divided among such of the creditors as have proved their debts, in proportion to the respective amount of the debts; and by section 5097 it is declared that no dividend shall be disturbed by reason of debts being subsequently proven up; but the creditors proving such debts shall be entitled to a dividend equal to that received by the other creditors before any payment is made to the latter. In the case of In re Hoyt [Case No. 6,806], it is decided that there is no warrant in the statute for paying dividends to creditors who have not proved their claims, and that all the sections on the subject refer to creditors who have proved their claims. From the foregoing sections cited, I am of the opinion, and it seems to be clear, that they contemplate that creditors only who have proved their debts and filed them in court are entitled to share in the dividend declared on them, and that the register of the court could not order the payment of any claim which was not so proven up before the dividend was made. I do not question that the claim presented by said attorneys has merit, and that the services have been performed; but I hold that I have no power to vacate the dividend and order payment; that the application should have been presented first to the court, which in the exercise of its equitable powers could make such order as was proper. Respectfully submitted.

DUVAL, District Judge. In declining to make the order prayed for in the foregoing application, I think Mr. Register Newton is correct. His decision is therefore approved and confirmed.

After this decision was rendered the petitioners filed a petition of review, addressed to the judges of the circuit court for the Western district of Texas. In this they set forth the facts alleged in the original petition and the subsequent proceedings thereon. They also charged that there was an error in the statement of facts in that the note was treated as a claim against the estate, when in fact it served only the purpose of showing the amount due by the assignee as a part of the expenses; they also averred that they did not file the claim because they supposed the assignee had in-

cluded it in his account, and prayed for appropriate relief. This was duly served on the assignee. Subsequently the petitioners filed another petition, addressed to the register. In this they alleged that the assignee agreed to pay the fee; that the note was merely a memorandum of the amount agreed to be paid, and asked that the same be paid. With this petition they filed the following account, to wit:

Estate of B. K. Smith, in bankruptcy, to Robertson's & Herndon, Dr.

1876. March 6. To professional services as attorneys, rendered in the case of B. K. Smith v. J. H. Parsons, agent of W. H. Reynolds, in which suit T. R. Bonner became a party complainant. Suit pending in United States circuit court, in chancery, at Tyler, Texas, and said services rendered at the instance and request of said assignee ......................... $225 00
With interest at eight per cent. since May 1, 1873.

This petition was then referred to the register, who gave the following decision, to wit:

The claim herein presented was submitted to me in a former application, and after a careful examination of the law, I declined to make the order as then prayed for, and assigned my reasons therefor. This application comes before me in the form or nature of a petition for a rehearing of the same matter, in which the learned attorney, who presented the former application, very generously takes upon himself the fault for the erroneous ruling of the register, as he conceives, in refusing to make the order asked for in that application; and alleging the error arose from a misconception of the facts and law applicable thereto, and refers me to the following sections of the Revised Statutes: 5096, 5097, 5099, 5101. From an examination of these sections I see nothing that would cause me to change my former ruling. I held then, as I now hold, that the jurisdiction and powers of the register ceased after a dividend had been declared, and the proper orders made for paying the same and filed in court; and that he could not reopen or vacate the dividend, and empower the assignee to pay any claim of any character, whether the party applying be regarded as a general creditor of the estate, or entitled to priority under section 5101, Rev. St., when there was no notice of such claim given to the register prior to the declaration of the dividend.

I am of the opinion that a dividend, when made pursuant to proper notice, and filed in court, becomes virtually a judgment of the court, and cannot be disturbed, except for some error committed by the register, apparent from his memoranda and papers on file, existing at the time or prior to making the dividend. The law requires the assignee of the bankrupt's estate to file, on or before the day appointed for the declaration of a dividend, his account under oath exhibiting just and true items of his receipts and disbursements, with vouchers therefor, subject to examination by the creditors, and to any exceptions which they might think proper to make. I think it can make no difference, so far as the law of the case is concerned, whether the party asking the payment of claims out of the funds in the hands of the assignee, upon which the dividend had been declared, be a general or preferred creditor. If the assignee had paid the claim and exhibited it as a part of his disbursements in his final account, it would then have been open to exceptions as any other item of his account by the creditors, and they would have had an opportunity of examining it. The assignee, who assisted in preparing the list of claims for dividend, and in making the dividend sheet, having failed to show the claim in his account, or give notice of it at the time when the list of claims for dividend was prepared, I must therefore decline to make the order asked for in this application, and adopting, therefore, the reasons assigned for refusing the former order, and my certificate and opinion of the law as then stated, and certified to the honorable judge of said court. From this ruling the parties give notice of appeal, and pray the same to be certified to the Honorable THOMAS H. DUVAL, judge of said court.

DUVAL, District Judge. Having considered the within petition for review, and accompanying papers, together with the opinion of Hon. S. T. Newton, register, etc., of date the 5th inst., my conclusion is that it would not be proper to grant the prayer of said petition, for the reasons set forth by the register, and which are hereby affirmed. The relief sought must be refused.